UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 17-CV-1377<br>) |
| REBECCA, et al., | )<br>) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he is being denied necessary breathing treatments and medication for his asthma. Plaintiff also moves for a preliminary injunction/temporary restraining order, asking the Court to order that Defendants provide Plaintiff his asthma medication and treatment. His allegations, taken as true, state a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs.

However, based on Plaintiff's litigation history, the Court is concerned that Plaintiff may be abusing the judicial process, filing cases that are factually frivolous or malicious. Plaintiff has pursued at least 37 federal cases in the Seventh Circuit according to computerized records. www.pacer.gov (last visited 8/23/17). Eighteen of those cases have been pursued in the Central District, four filed just this month. In half of the 18 cases filed in the Central District, Plaintiff filed motions for temporary restraining orders/preliminary injunctions. These motions require significant time and a prompt response, putting Plaintiff's cases ahead of the

many other prisoner cases that also deserve attention. Plaintiff voluntarily dismissed half of the cases he filed in this District after significant time was spent by the Clerk and Court processing the case. Additionally, Plaintiff makes what appear to be somewhat duplicative allegations about his asthma medicine in another recently filed case, Taylor v. Thorson, 17-cv-1365 (C.D. Ill.), and also made similar allegations in a preliminary injunction motion filed in Taylor v. Clauss, 17-cv-1271 (C.D. Ill.).

Plaintiff had costs assessed against him in two cases when he had over $11,000.00 in his prison trust fund account from a settlement. Taylor v. Godinez, 14-cv-1123 (C.D. Ill.). In Taylor v. Bukowski, 11-cv-2174 (C.D. Ill.)(8/21/13 Order), Plaintiff was directed to pay $958.65 in costs. In Taylor v. Sangster, 11-cv-2175 (C.D. Ill.)(8/29/13 Order), Plaintiff was ordered to pay $511.90 in costs. Whether Plaintiff paid these costs is relevant to whether he should be permitted to proceed in forma pauperis, and there is no information regarding whether payment was made.

Plaintiff has been permitted to proceed in forma pauperis in this case given the seriousness of his allegations. However, if the Court later finds that Plaintiff's factual allegations have no evidentiary

support, this case may be dismissed as frivolous and malicious, and a strike will be assessed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Other sanctions may also be assessed, such as barring Plaintiff from proceeding in forma pauperis until he pays all costs and filing fees owed. Additionally, this Court will no longer waive collection of the filing fee if Plaintiff dismisses a case voluntarily. The filing fee will continue to be collected pursuant to 28 U.S.C. § 1915(b)(1) even if the case is voluntarily dismissed.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim based on the alleged refusal to provide Plaintiff his necessary asthma medicine and treatments. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion for the Court to appoint counsel is denied (5).** On this record, Plaintiff appears competent to proceed pro se. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). He has extensive litigation experience and personal knowledge of his prescribed treatment, symptoms, efforts to obtain his prescribed treatment, and the responses he received. If Plaintiff renews his motion upon a more developed record, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

12) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures, with paragraph 14 of this order highlighted.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14) **Defendants are directed to file a response to Plaintiff's motion for a temporary restraining**

**order/preliminary injunction when Defendants file their Answer.**

15) **The clerk is directed to send a copy of this order to Attorney Doug Bitner.**

16) **By September 5, 2017, Plaintiff is directed to inform the Court whether he has paid the costs assessed in 11-cv-2174 and 11-cv-2175.**

ENTERED: 8/25/2017

FOR THE COURT:     __s/Sue E. Myerscough__
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE